UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIOR, INC. LIQUIDATING TRUST PLAINTIFF

V. CIVIL ACTION NO. 3:16-CV-962-DPJ-FKB

FRED CANNON AND ANDRE DITSCH DEFENDANTS

ORDER

Plaintiff KiOR, Inc. Liquidating Trust seeks remand of this business-tort case to the Circuit Court of Hinds County, Mississippi, citing lack of complete diversity. Because Defendants have not met their burden of establishing jurisdiction, Plaintiff's Motion to Remand [2] is granted.

I. Facts and Procedural History

In better times, KiOR, Inc., was an alternative-fuel development company. But in 2014, the company filed for Chapter 11 bankruptcy protection. The resulting Chapter 11 Plan of Reorganization approved a Liquidating Trust Agreement that created the KiOR, Inc., Liquidating Trust ("the Trust") and named Kurt F. Gwynne as trustee ("Trustee"). The Trust was created to pursue claims and causes of action formerly belonging to KiOR for the benefit of creditors.

This civil action is one of those claims. In it, the Trustee filed suit—in the name of the Trust—against former KiOR executives Fred Cannon and Andre Ditsch for allegedly violating their fiduciary duties. The suit originated in state court, but Defendants removed the case based on diversity jurisdiction. Plaintiff now seeks remand. The motion is fully briefed, and the Court is prepared to rule.

II. Analysis

The primary question is whether the Trust assumes the citizenship of its beneficiaries—some of whom are not diverse—or whether it takes the citizenship of its Trustee, whose citizenship would not defeat diversity jurisdiction.

To begin, "[f]ederal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states." *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)). The use of the word "citizen" suggests a natural person, but Congress and the Supreme Court eventually developed tests for the citizenship of corporations. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Following that, the Supreme Court decided a series of cases addressing the citizenship of various non-corporate entities, generally holding "that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members." *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990) (internal quotation marks omitted).

That same issue reappeared last year in *Americold Realty Trust v. Conagra Foods, Inc.*, where the Supreme Court examined the citizenship of a real-estate investment trust. There, a group of businesses sued the trust to recover damages from a warehouse fire. 136 S. Ct. at 1014. The Court "granted certiorari to resolve confusion among the Courts of Appeals regarding the citizenship of unincorporated entities" like the Americold Realty Trust. *Id.* at 1015. And consistent with its precedent, the Court held: "While humans and corporations can assert their own citizenship, other entities take the citizenship of their members." *Id.* at 1014.

In reaching that holding, the Court distinguished *Navarro Savings Ass'n v. Lee*, where several trustees sued a Texas firm for breach of contract. 446 U.S. 458, 459 (1980). In *Navarro*,

the Court held that the trustees' citizenship determined jurisdiction because the trustees sued in their own names and had "real and substantial" control over the assets. *Id.* at 465. But as explained in *Americold*, *Narvarro* "had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." *Americold*, 136 S. Ct. at 1016; *see also Carden*, 494 U.S. at 192–93 (same).

*Americold* did not stop there. The Court went on to explain that the confusion *Narvarro* has generated "can be explained, perhaps, by tradition." *Id.* As the Court noted, traditional trusts are fiduciary relationships, and the actual trusts are "not considered a distinct legal entity" capable of suing or being sued. *Id.* (citations omitted). Thus, "[f]or a traditional trust . . . there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Id.* Unfortunately, that final statement "may generate as many questions as it answers." *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 728 (2d. Cir. 2017) (citation omitted). For example, as is the question in this case, "[d]oes it mean that every time a trust is sued [or sues] in its own name, its citizenship is the citizenship of all its members?" *Id.*

The Fifth Circuit most recently addressed *Americold* in *Bynane v. Bank of New York Mellon*, No. 16-20598, 2016 WL 7103908 (5th Cir. Aug. 3, 2017) (selected for publication). There, like in *Navarro*, the trustee was sued in its own name, and the question was whether diversity jurisdiction existed. *Id.* at *3. The Fifth Circuit held that the rules in *Americold* and *Navarro* "coexist[]." *Id.* (quoting *Americold*, 136 S. Ct. at 1016). Accordingly, "when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person. . . . [W]hen an artificial entity is sued in its name, it takes the citizenship of each of its members." *Id.* (internal citations and quotation marks omitted).

The court in *Bynane* then went further, rejecting a two-step test the appellant had urged the court to follow. That test involved (1) identifying whether the trust or trustee was the real and substantial party to the controversy; and (2) if the trust is the real party, then determining whether it is a "business" or "traditional" trust. *Id.* at *4 (citing *Guillen v. Countrywide Home Loans, Inc.*, No. H-15-849, 2016 WL 7103908, at *4 (S.D. Tex. Dec. 6, 2016)). The Fifth Circuit was not impressed, holding:

> Under *Guillen*'s test, even if the trustee is the named defendant because the trust is not an entity that can be sued in its own capacity under state law, a district court must examine the substance of the complaint to see if the allegations show that the trust is the real party to the controversy, and if it is, the district court must then wade into the thicket of determining whether the trust is a business trust or a traditional trust. We disagree with this test for several reasons. First, as noted above, we do not interpret *Americold* as standing for the proposition that a district court must disregard whether the trust or trustee is sued and look instead at how the substance of the complaint characterizes the real party to the controversy. Rather, if the trustee sues or is sued in the trustee's own name, then *Navarro*'s rule controls. Second, nominally determining whether the trust is a "business" or "traditional" trust is not the appropriate test. Putting aside the fact that a business trust and a traditional trust lack clear definitions and the line between them is blurry at best, the characterization of the trust as a business or traditional trust is not dispositive. . . . [T]he fact that the trust otherwise may depart from conventional forms in other respects has no bearing upon our determination of whether the trustee's control over the trust's assets is real and substantial. Indeed, *Navarro* involved what the Supreme Court referred to as a "business trust"—yet, the Supreme Court held that the trustees' citizenships were the relevant inquiry in determining diversity jurisdiction.

*Id.*

Taking all this at face value might suggest that *Americold* applies here because the Trust is the named plaintiff and is vested with the Trust Assets under the terms of the Liquidating Trust Agreement. *See Emerald Invrs Tr. v. Gaunt Parsippany Partners*, 492 F.3d 192, 199 n.10 (3d Cir. 2007) (holding that trust is the real party). If so, then the Trust would "take the citizenship

of [its] members," *i.e.*, the beneficiaries, and diversity would be broken. *Americold*, 136 S. Ct. at 1014.[1]

A bright-line test that turns on whether the trust or trustee is the named party would be easy to administer, but it could also invite artful jurisdictional pleading. And it is not apparent that *Bynane* intended that result. *Bynane* arose in a different procedural posture than this case because the trustee sued in its own name and had the capacity to do so. The case therefore fit neatly within the *Narvarro* holding. Here, the Trust was the named plaintiff, yet *Americold* tells us that some trusts lack the capacity to sue or be sued. *Americold*, 136 S. Ct. at 1016. "Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting 14 Charles Alan Wright et al., Federal Practice and Procedure § 3641, at 173 (3d ed. 1998) (alteration in original)). So it seems in this context that the Court should determine under state law whether the Trust is actually a "distinct legal entity" that can sue. *Americold*, 136 S. Ct. at 1016.

The Second Circuit faced this issue in *Raymond Loubier Irrevocable Trust v. Loubier*. There, like here, the trustees sued in the names of the trusts and not in their own names. 858 F.3d at 726. After taking a thoughtful look at *Narvarro*, *Carden*, and *Americold*, the Second Circuit concluded

> that the rule reiterated by the Supreme Court in *Americold* and *Carden*—ascribing to an unincorporated entity the citizenship of all its members—may apply to any

[1] To further complicate matters, the Complaint states: "In this action, *the court-appointed Liquidating Trustee* of the KiOR Liquidating Trust created under the Plan *brings this action* against Cannon and Ditsch for violation of fiduciary duties owed the Company." Compl. [1-1] ¶ 1.11 (emphasis added). If that last statement could be read to mean the Trustee is actually bringing the case in his own name, then it would quickly follow that *Navarro* and *Bynane* apply and diversity jurisdiction would exist. But that construction does not follow a plain reading of the Complaint.

> number of trusts recognized in law as distinct juridical entities. But it does not apply to a traditional trust that establishes only a fiduciary relationship and that cannot sue or be sued in its own right.

*Id.* at 729 (citing *Wang by & through Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016) ("[W]e believe *Americold* would not apply the *Carden* test to a traditional trust, as it is not an entity [with juridical status.]") (additional citation omitted)). Because the *Loubier* trust was not a distinct legal entity under controlling Florida law, the court held that the trustee's citizenship determined jurisdiction. 858 F.3d at 729–30.

So that brings us to the Trust and whether it is a distinct juridical entity capable of suing or being sued. To answer that question, the parties agree we must look to Delaware law. *See* Liquidating Trust Agreement [1-3] at 17. Unfortunately, Delaware law is not clear. In *City Investing Co. Liquidating Trust v. Contental Casualty Co.*, a dissolved corporation set up a liquidating trust to wind down its operations. 624 A.2d 1191 (Del. 1993). The issue was whether the plaintiff could sue the trust after the statutory period for suing a dissolved corporation. *Id.* at 1192. The Delaware Supreme Court held that the plaintiff could sue the liquidating trust because "the liquidating trust is a separate legal entity." *Id.* at 1197; *see also id.* at 1196. The court made that holding despite observing that the trust—like the Trust here—was designed to take advantage of Treasury Regulation § 301.7701-4(d) (1986), which gives tax benefits to liquidating trusts that are treated as "simple trust[s]." *Id.* at 1197.

The *City Trust* discussion is dicta because neither the parties nor the court questioned the propriety of suing the trust—as opposed to the trustee. But it is consistent with Restatement (Third) of Trusts, which notes, "Increasingly, modern common-law and statutory concepts and terminology tacitly recognize the trust as a legal 'entity,' consisting of the trust estate and the

associated fiduciary relation between the trustee and the beneficiaries." Restatement (Third) of Trusts § 2 (2003).

There are, of course, countervailing arguments. As Defendants observe, the Liquidating Trust in this case was not winding down all of KiOR's business. Moreover, the Trust at hand shares many similarities with traditional trusts, which historically lack the capacity to file suit. And Defendants cite a non-binding, unpublished case from a lower Delaware court stating that "[n]o Delaware case directly addresses the question of whether a trust is a separate legal entity" that may sue or be sued. *Mennen v. Wilmington Tr. Co.*, No. CV 8432-ML, 2013 WL 4083852, at *9 (Del. Ch. July 25, 2013). *Mennen* concluded that non-statutory trusts are not separate legal entities. *Id.*

These arguments, though compelling, are not conclusive. Delaware has not decided the distinct-legal-entity issue. *Id.* And it is apparent from the cases the parties cite that substantial disagreement exists over the proper test for determining the citizenship of a trust. *Americold* has only added to that confusion. Moreover, the meaning of the Plan and Liquidating Trust Agreement are not entirely clear and differ in key respects from trust language examined in other cases. Indeed, there seems to be as many variations of trust language as there are cases deciding these issues. These realities seem to have partially motivated the Fifth Circuit to ignore the distinction between "traditional" and "business" trusts in *Bynane* because the lines between the two are "blurry at best." 2016 WL 7103908, at *4. As a result of all this, the parties have cited a large number of non-binding near-miss cases from across the country that are instructive but distinguishable in various ways.

So—as in all close calls—the Court falls back to Defendants' burden of establishing jurisdiction and "resolves any jurisdictional doubt in favor of remand." *Camsoft Data Sys., Inc.*

*v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 339 (5th Cir. 2014) (citation and quotation marks omitted). Doubt exists in this case, so it will be remanded.

III. Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the outcome. For the reasons stated, the Court finds that Defendants have not established diversity jurisdiction and therefore grants Plaintiff's Motion to Remand [2].

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE